### Harrison *against* King.

*December, 1824.*

*In action against two on a joint contract, the death of one being suggested, the plaintiff may proceed to judgment against the other.*

10th *Jan.* 1825.—JUDGE *Crenshaw* delivered the opinion of the Court.

The only question arising out of the assignment of Errors in this case, which seems worthy of consideration, is, could the action be maintained against *Carter B. Harrison ;* the death of *Paschal Harrison,* his co-defendant, having been suggested on the Record.

When the cause of action would survive, the death of one defendant being suggested on the Record, the action might be sustained against the survivor. This rule of practice is universal, and applicable to cases of torts as well as contracts. In the present case, the cause of action on the contract was good against the surviving defendant, the death of his co-defendant having been suggested shews his discharge from the action by the act of God. The action did not thereby abate ; and although the plaintiff might have discontinued this and commenced a new action against *Carter B. Harrison,* the survivor, there is no good reason why he should not proceed against him in the action already instituted.

Let the judgment be affirmed.

Judge *Saffold* not sitting.

*W. Crenshaw* for plaintiff, cited 1 Bac. Ab. 11, 13. 1 Bur-
row, 362. 3 Mod. 249. Laws Ala. 446, 448.

Harrison
v.
King.

*Sullivan* for defendant in Error cited 1 Bac. Ab. Abate-
ment, F. 1 Ch. Pl. 436. 2 Saund. 72. n. i.

The writ of Error in this case issued 20th *January,* 1824.
See the Act of 2nd *December,* 1824. Acts of 1824, p. 4.